IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             CRIMINAL ACTION NO. 2:17-cr-00023

SHON WAYNE COBBS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

On July 20, 2017, I sentenced the defendant, Shon Wayne Cobbs. During that hearing, I determined that the defendant's prior unlawful wounding conviction under W. Va. Code § 61-2-9(a) constituted a prior conviction for a "crime of violence" under the United States Sentencing Commission Guidelines Manual ("USSG") §§ 2K2.1 and 4B1.2(a)(1). I further explain my reasoning herein.

## BACKGROUND

In this case, the defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant's predicate felony conviction is for unlawful wounding in violation of W. Va. Code § 61-2-9(a).

During and before sentencing, the parties disputed whether the defendant's prior conviction for unlawful wounding constituted a prior conviction for a crime of violence under the USSG. *See* Def.'s Sent. Mem. [ECF No. 33]; United States' Sent.

Mem. [ECF No. 32]. The determination of this issue significantly affects the base offense level of the defendant's conduct. Under § 2K2.1(a)(6) of the USSG, the base offense level for crimes involving the unlawful receipt, possession, or transportation of firearms is 14 "if the defendant . . . was a prohibited person[1] at the time the defendant committed the instant offense." Section 2K2.1(a)(4), however, provides for a base offense level of 20 where "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." The proper determination of the base offense level of the defendant's conduct therefore turns upon whether his prior conviction for unlawful wounding constitutes a crime of violence.

## LEGAL STANDARD

To determine whether an offense constitutes a crime of violence, courts employ either the categorical approach or the modified categorical approach. *See, e.g.*, *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (discussing the categorical approach and modified categorical approach). Under the categorical approach, courts "look only to the statutory definition of the [predicate] crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'" *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008) (citing *Taylor v. United States*, 495 U.S. 575, 599–

---

[1] Prohibited persons include persons "convicted in any court, of a crime punishable by a term of imprisonment exceeding one year." 18 U.S.C. § 922(g)(1); U.S. Sentencing Guidelines Manual § 2K2.1 cmt. 3 (U.S. Sentencing Comm'n 2016) (noting that "'prohibited person' means any person described in 18 U.S.C. § 922(g) or § 922(n)").

601 (1990)). If it is possible to commit the offense in a manner that does not constitute a crime of violence, then the offense is categorically not a crime of violence. *Id.* The categorical approach does not consider the particular manner in which the defendant committed the offense. Instead, "[w]hat matters for the categorical approach is how the law defines the offense generically" and whether it is possible to commit the offense in a manner that does not constitute a crime of violence. *United States v. Shell*, 789 F.3d 335, 338 (4th Cir. 2015).

If, however, a statute contains divisible categories of offenses, courts apply the modified categorical approach. *See, e.g.*, *Torres-Miguel*, 701 F.3d at 167. Under this approach, courts first ascertain the divisible category of offense with which the defendant has been charged or convicted. *Id.* To do so, courts may examine "'the terms of the charging document, . . . a plea agreement, . . . [a] transcript of colloquy between judge and defendant, . . . or . . . some comparable judicial record' revealing the 'factual basis for the plea.'" *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

Once the divisible category of offense has been identified, the court performs a categorical analysis on that divisible category of offense to determine whether it is possible to commit the offense in a way that does not qualify as a crime of violence. *See Descamps v. United States*, 133 S. Ct. 2276, 2281–82, 186 L. Ed. 2d 438 (2013). If so, that discrete category of offense is categorically not a crime of violence. *See id.* The central inquiry then becomes what conduct constitutes a crime of violence.

DISCUSSION

Section 4B1.2(a)(1) of the USSG defines crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."[2] This definition mirrors the definition of "violent felony" used in 18 U.S.C. § 924(e)(2)(B)(i) and the definition of "misdemeanor crime of domestic violence" used in 18 U.S.C. § 921(a)(33)(A), both of which also rely on the term physical force. *See* 18 U.S.C. § 924(e)(2)(B)(i) (defining a violent felony as a crime punishable by imprisonment for a term exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); 18 U.S.C. § 921(a)(33)(A) (defining misdemeanor crime of domestic violence as a misdemeanor that "has, as an element, the use or attempted use of physical force"). Despite the recurring use of the term physical force, it is defined in neither the statutes in which it is present nor the USSG.

Unsurprisingly, the undefined term physical force has generated substantial confusion among courts. However, in *Johnson v. United States*, 559 U.S. 133, 140 (2010), the Supreme Court clarified the meaning of physical force and defined it as "violent force—that is, force capable of causing physical pain or injury to another person." Following the Supreme Court's ruling, the Fourth Circuit determined "a

---

[2] A specifically enumerated list of crimes also constitute crimes of violence under 4B1.2(a)(2); however, unlawful wounding is not one of the listed crimes. *Id.* at 4B1.2(a)(2). This clause and other clauses similar to it are often known as the "force clause."

4

crime may *result* in death or serious injury without involving *use* of physical force." *Torres-Miguel*, 701 F.3d at 168. To illustrate their holding, the Fourth Circuit stated, "[A] defendant can violate statutes like § 422(a) by threatening to poison another, which involves no use or threatened use of force." *Id.* at 168–169. In essence, the Fourth Circuit in *Torres-Miguel* created a distinction between "indirect and direct applications of force" and determined that crimes that could be accomplished with indirect applications of force were not crimes of violence. *See In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) (recognizing *Torres-Miguel* drew a distinction between direct and indirect applications of force).

The Supreme Court, however, has since rejected a distinction between direct and indirect force. In *United States v. Castleman*, 134 S. Ct. 1405, 1415, 188 L. Ed. 2d 426 (2014), the Supreme Court considered indirect applications of force—specifically, poisoning—and determined:

> The "use of force" in Castleman's example is not the act of "sprinkl[ing]" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.

Although the Fourth Circuit initially expressed doubt that *Castleman* abrogated *Torres-Miguel*, *see United States v. McNeal*, 818 F.3d 141, 156 n. 10 (4th Cir. 2016), it has since recognized in three published opinions that *Castleman* overruled the distinction in *Torres-Miguel* between direct and indirect use of force in

5

determining what constitutes a crime of violence. *See United States v. Burns-Johnson*, 864 F.3d 313 (4th Cir. 2017) (recognizing the "language in *Castleman* abrogates [the Fourth Circuit's] statement in *Torres-Miguel* that the use of poison would not constitute the use of force under *Johnson*"); *United States v. Reid*, 861 F.3d 523, 529 (4th Cir. 2017) (determining that *Torres-Miguel*'s "reasoning can no longer support an argument that the phrase 'use of physical force' excludes indirect applications" after the *Castleman* decision); *In re Irby*, 858 F.3d at 238 ("[T]he distinction we drew in *Torres-Miguel* between indirect and direct applications of force and our conclusion that poison 'involves no use or threatened use of force,' no longer remains valid in light of *Castleman's* explicit rejection of such a distinction."). With the abrogation of *Torres-Miguel*, the Fourth Circuit's crime of violence inquiry now focuses on whether the crime necessarily entails "force capable of causing physical pain or injury," regardless of whether that force is direct or indirect. *Johnson*, 559 U.S. at 140; *Reid*, 861 F.3d at 529.

Here, the defendant was convicted of violating W. Va. Code § 61-2-9(a) in October 2008. At that time, W. Va. Code § 61-2-9(a) stated,

> If any person maliciously shoot, stab, cut or wound any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she shall, except where it is otherwise provided, be guilty of a felony . . . . If such act be done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony . . . .

6

Because this statute creates two separate crimes—malicious wounding and unlawful wounding[3]—I must apply the modified categorical approach. *See State v. Daniel*, 109 S.E.2d 32, 34 (W. Va. 1959) (holding W. Va. Code § 61-2-9(a) "provides for both malicious and unlawful wounding, the only difference between the two being that unlawful wounding is done without malice"). The record plainly indicates that the defendant was convicted of unlawful wounding. *See* Plea Agreement Ex. A [ECF No. 27]. Therefore, under the modified categorical approach, I must consider whether the discrete offense of unlawful wounding may be committed without "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140; *Reid*, 861 F.3d at 529.

I determine that it cannot. A conviction for unlawful wounding under W. Va. Code § 61-2-9(a) requires a showing that (1) the defendant shot, stabbed, cut, or by any other means caused another person injury, (2) the defendant acted with the intent to maim, disfigure, disable, or kill, and (3) the defendant's acts were unlawful. *See Daniel*, 109 S.E.2d at 34. Put simply, a crime that involves intentionally injuring another person necessarily entails the use of "force capable of causing physical pain or injury." *Johnson*, 559 U.S. at 140; *see Reid*, 861 F.3d at 527 (determining that a crime that has an "element of 'knowingly and willfully inflict[ing] bodily injury' on another person squarely matches [18 U.S.C. § 924(e)(2)(B)(i)'s] force clause, which requires force that is 'capable of causing physical pain or injury'" (citation omitted)).

---

[3] These offenses are also commonly referred to as malicious assault and unlawful assault.

Indeed, it "is impossible to cause bodily injury without using force 'capable of' producing that result." *Castleman*, 134 S. Ct. at 1416–17 (Scalia, J., concurring).

Despite the Fourth Circuit's clear rulings on this issue, the defendant argues that the Fourth Circuit's recent precedent in *Irby*, *Reid*, and *Burns-Johnson* is not controlling. However, "a district court is bound by the precedent set by its Circuit Court of Appeals, until such precedent is overruled by the appellate court or the United States Supreme Court." *United States v. Brown*, 74 F. Supp. 2d 648, 652 (N. D. W. Va. 1998). Here, the Fourth Circuit ruled that a violation of a statute strikingly similar to the one at issue in this case constituted a crime of violence.[4] *See Reid*, 861 F.3d at 529 (determining that an offense requiring the knowing and willful infliction of bodily injury constituted a crime of violence under 18 U.S.C. § 924(e)(2)(B)). Although not explicitly controlling, *Reid* strongly suggests that the Fourth Circuit would determine that a conviction for unlawful wounding under W. Va. Code § 61-2-9(a)—a conviction that requires a showing that the defendant intentionally injured another—constitutes a prior conviction for a crime of violence under USSG §§ 2K2.1 and 4B1.2(a)(1).

Furthermore, *Castleman* and subsequent Fourth Circuit case law are grounded in common sense. "[T]he categorical approach must be grounded in reality, logic, and precedent, not flights of fancy." *United States v. Hill*, 832 F.3d 135, 140 (2d

---

[4] Indeed, in *Reid*, 861 F.3d at 527–529, the Fourth Circuit struck down the primary argument—the argument that intentional infliction of injury could be accomplished by indirect means such as poisoning or the use of traps—leveled by the defendant in this case.

8

Cir. 2016) (citing *Moncrieffe v. Holder*, 569 U.S. 184 (2013)). It strains the bounds of credulity to suggest that the intentional wounding of another—whether it be by poison, trap, or some fantastical means—is not a crime of violence. *See In re Irby*, 858 F.3d at 237 ("It is absurd to believe that Congress would have intended poisoners and people who use their wits to place someone in the path of an inevitable force to avoid the force clause of § 924(c)."). Indeed, the intentional infliction of harm upon another is an archetypal crime of violence.

Therefore, because the intentional infliction of injury necessarily entails the use of force capable of causing injury, I **FIND** that a prior conviction under W. Va. Code § 61-2-9(a) constitutes a prior conviction for a crime of violence.

## CONCLUSION

For the foregoing reasons, I determine that the defendant's prior conviction constitutes a crime of violence under USSG §§ 2K2.1 and 4B1.2(a)(1). Accordingly, the base offense level of the defendant's conduct is 20.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: August 18, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE